No. 84-500

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

RONALD TIEDEMAN,

Claimant and Respondent,

-vs-

COOPER LOGGING, INC.,

Employer,

and

STATE COMPENSATION INSURANCE FUND,

Defendant and Appellant.

APPEAL FROM: Workers' Compensation Court, The Honorable Timothy
Reardon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hughes, Kellner, Sullivan & Alke; Mike McCarter argued,
Helena, Montana

For Respondent:

Utick & Grosfield; Norman Grosfield argued, Helena,
Montana

Submitted: September 25, 1985

Decided: October 29, 1985

Filed: OCT 29 1985

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The appellant, State Compensation Insurance Fund, appeals from a decision that the respondent, Ronald Tiedeman is entitled to a lump sum advance of a potential partial disability award without reduction for permanent partial disability payments made as a result of a prior injury to the same body part.

We affirm.

The issue presented is whether the Workers' Compensation Court erred in holding that the claimant is entitled to permanent partial disability benefits without any deduction of a previous permanent partial disability award as a result of a prior injury to the same body part.

The respondent, Ronald Tiedeman, has had a history of left knee problems. He underwent knee surgery in 1973 or 1974. On March 20, 1980, he suffered a work-related injury to his left knee when he was butted by a cow. He then underwent two knee operations. The State Compensation Insurance Fund accepted liability for the 1980 injury and paid temporary total disability benefits until February 1982 when the parties entered into a full and final compromise settlement agreement. A portion of this settlement amount was for permanent partial disability benefits. A portion was for retraining in college.

The claimant did not complete college. He returned to work in early 1983. He first fell trees, then drove a truck, and finally began logging for Cooper Logging, Inc. On August 25, 1983, he reinjured his knee when he fell off a log while cutting limbs.

The State Fund accepted liability and commenced paying respondent temporary total disability benefits. In February 1984 respondent underwent surgery to fuse his left knee. The respondent requested a lump sum advance on a prospective entitlement. The State Fund resisted. One of the grounds upon which the State Fund resisted was that in computing any prospective indemnity award the prior full and final compromise settlement indemnity award must be deducted. The Workers' Compensation Court held that no consideration is to be given to the prior indemnity award.

Section 39-71-738, MCA, provides:

> 39-71-738. Adjustment of compensation in case of further injuries. Should a further accident occur to a worker who is already receiving compensation hereunder or who has been previously the recipient of a payment under this chapter, his further compensation is adjusted according to the other provisions of this chapter and with regard to his past receipt of compensation.

In Pietz v. Industrial Accident Board (1953), 127 Mont. 316, 264 P.2d 709, this Court stated:

> The capacities of a human being cannot be arbitrarily and finally decided and written off by percentages. The fact that a man has once received compensation, as for example, where he has previously received 250 weeks or half the statutory amount, does not mean that forever after he is in the eyes of the compensation law but half a man, so that he can never again receive a compensation award going beyond the other fifty percent of total. After having received his prior payment, he may, in future years, as in the present case, be physically able to and does resume full gainful employment for several years, and if he does, there is no reason or logic why a disability from an unscheduled industrial accidental injury, which would bring anyone else total permanent disability benefits, should yield him only half as much. We think the legislature had no such intention in drafting this Act.

Pietz, 264 P.2d at 712-713.

In Pietz the prior injury was "to a different segment of his body." Pietz, 264 P.2d at 712. The issue in Pietz was

whether payment for an injury should be reduced by payments made for the prior injury. The Court in Pietz had before it the predecessor to the statute in issue here. Except for minor rewording the statute is identical to the present version. In Pietz this Court said that Workers' Compensation statutes are to be liberally construed, section 92-838, R.C.M. (1947), now § 39-71-104, MCA, and that the employer takes the employee subject to his physical condition at the time he enters employment. Pietz, 264 P.2d at 712. Based on these reasons, the Pietz Court held that there would be no reduction of prior awards in successive disabilities.

Appellant, on the other hand, cites McDaniel v. Eagle Coal Company (1935), 99 Mont. 309, 43 P.2d 655 in support of its position. McDaniel also interpreted what is now § 39-71-738, MCA. In McDaniel the claimant previously lost one eye. He received 200 weeks of compensation. He then lost the other eye becoming totally disabled. His total disability was 500 weeks. The Court applied what is now § 39-71-738, MCA, and reduced the award by the 200 weeks already received. Pietz did not specifically overrule McDaniel or even mention it.

The appellant, State Compensation Insurance Fund, argues that § 39-71-738, MCA, requires that permanent partial disability payments for the 1980 knee injury be deducted from any final permanent partial disability award for the 1983 knee injury. It cites McDaniel as the proper approach when dealing with § 39-71-738, MCA. The appellant urges us to overrule the Pietz decision, or, if it is not overruled, limit it to the specific facts in the case and apply it only to temporary and permanent total disability cases and not

restrict the application of § 39-71-738, MCA, to adjustment in partial disability cases.

We hold that Pietz is the controlling law in this state regarding the application of § 39-71-738, MCA. To give effect to the rule of liberal construction and the rule that the employer takes the employee subject to the employee's physical condition at the time of employment, § 39-71-738, MCA, can only apply to individual injuries, a particular injury from a particular accident, not to separate injuries in separate accidents. Pietz is the enlightened approach.

Pietz holds that where a claimant, some three years before, had suffered an industrial accident to a different segment of his body and drew compensation for two and one-half months, that compensation paid would not be deducted from a present claim. It is in line with the humane purpose of the compensation act. It is based on liberal construction and the established concept that the employer takes the employee as found. It also recognizes that an injured worker should not be forever reduced in capacity by some percentage in the eyes of the law.

Tiedeman was injured to his left knee in March 1980. He received $198 per week until February 1982 as temporary total disability. At that time he entered into a full and final compromise settlement agreement. Part of that settlement included 143 weeks of payments at $99 per week as an indemnity claim for partial disability. Tiedeman returned to work in January 1983. He was injured again to his left knee in August 1983. He then received $168.23 per week as temporary total disability benefits. Tiedeman then requested a lump sum advance on his future potential award. The insurer, State Fund, resisted on the ground that any

- 5 -

calculation would necessitate reduction for the prior award. The Compensation Court, relying on Pietz, held that there would be no reduction.  It said that each new compensable injury, though successive, begins a new benefit consideration beginning at zero.

We agree.  Pietz presents the correct approach and we reaffirm the holding contained therein.  Insofar as McDaniel is inconsistent, it is hereby overruled.

Affirmed.

_____<br>Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices